**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE BRIEN BRITTAIN, | No. 08-56575 |
| Plaintiff - Appellant, | D.C. No. 5:05-cv-01075-R-AGR |
| v. | |
| BOB DOYLE, Sheriff, in his individual and official capacity and LAUS, Dr., in his/her individual and official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Jesse Brien Brittain appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action challenging his conditions of confinement

at the Riverside County Jail while awaiting commitment hearings pursuant to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California's Sexually Violent Predators Act ("SVP Act"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment to defendant Laus because Brittain failed to raise a genuine issue of material fact as to whether Laus was personally involved with, or promulgated a specific policy that led to, the alleged constitutional violations. *See Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (to bring section 1983 claim, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's constitutional rights).

The district court granted summary judgment to defendant Doyle because it concluded that the policies he instituted were constitutional. However, in opposition to summary judgment, Brittain submitted evidence suggesting that, while detained at Riverside County Jail, he was held in administrative segregation where the conditions of his confinement were at least as harsh as those of the penal inmates. Defendants submitted a declaration suggesting that it was their policy to hold those awaiting hearings under the SVP Act in administrative segregation where they were "afforded the same privileges as all other inmates unless specific security concerns dictate otherwise." Taken together, this evidence creates a

genuine issue of material fact as to whether Brittain was subjected to punishment in violation of his due process rights. *See Jones*, 393 F.3d at 932-33 (holding that a SVP detainee "is entitled to conditions of confinement that are not punitive" and a presumption of punitive conditions arises "when a [SVP] detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held"). Accordingly, we reverse the district court's summary judgment for the county and defendant Doyle on Brittain's due process claim, and remand for further proceedings. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (a local government is liable for damages under § 1983 where a violation of constitutional rights resulted from its policy or custom); *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) ("A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."); *see also Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 564-65 (9th Cir. 2001) (a California sheriff, when functioning as the administrator of the local jail, is a county actor for the purposes of § 1983).

We decline to address whether defendant Doyle is entitled to qualified immunity. On remand defendants may raise qualified immunity for the district court to consider in the first instance.

We do not consider whether the district court erred in granting summary judgment on Brittain's remaining constitutional claims because Brittain failed to raise them in his opening brief. *See Greenwood v. F.A.A.*, 28 F.3d 971, 978 (9th Cir. 1994) (matter not specifically and distinctly argued in opening brief is waived on review).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**